May it please the court. My name is Scott Brown. I'm an attorney from Wheeling, West Virginia, and I represent the appellant in this case, who is Herbert DeVaughn. Mr. DeVaughn had a three-day trial back in August of 2011 before the Honorable Irene Keeley out of the Clarksburg Point of Holding Court. Initially, he was charged with a 15-count indictment. He was charged with multiple co-defendants. He was the only one that went to trial. He was convicted of all 11 counts that were filed against him. What do you think your strongest argument for error is? It is the final one about the fourth issue about the double counting. Was that raised below at all? No, Judge, it was nine. So it was reviewed by us for plain error. Exactly, Judge. The reason why I say that, Judge, is – Let me ask this just to be sure. Sure. So you think that plain error review by us of a claimed error is your strongest argument in this case? Yeah, on that final issue. That is correct, Judge. Yes. Do you want me to just address that to begin with? I would like for you to, but I don't want to – No, that's fine, Judge. I mean, the other issues I've raised before before this court as far as the relevant conduct issue and also – Maybe you'll have time to get back to them, but it seems to me I would like for you to make your strongest argument on your strongest point. Judge, I was on the underlying trial counsel in this case. So when I got this case and I read the transcript and then read the sentencing memorandum and the pre-sentence investigation report and the transcript from the sentencing hearing, the thing that struck me as odd was that Mr. Devon in that count 15 was actually convicted under violating 21 U.S.C. 861, which is using a minor in the distribution of drugs. I personally have not had that sort of a charge against my clients, and I've been doing this for many years. How was count 15 submitted to the jury? What do you mean submitted to the jury? I mean there was evidence at trial that he used underage people. But I thought count 15 when it was submitted covered that. What do you mean by covered it? Are you familiar with count 15? Yes. All right. How was count 15? What did count 15? Don't ask me questions back. Tell me what count 15 involved. Well, count 15 involved that Mr. Devon had used underage kids in order to sell his drugs. Well, all right. Now, the jury. And the jury said yes. The jury found there's a reasonable doubt, beyond reasonable doubt, that the defendant committed count 15. That is correct, Judge. He did. And used minors to distribute the heroin. And the two minors, the evidence showed, were Marriott Payne and Terrell Brown. They were 16 and 17 years of age, respectively. That's correct, Judge. All right. Now, how does it get to be plain – how does a two-level enhancement get to be plain error when count 15 is submitted to the jury and the jury finds, beyond a reasonable doubt, that the defendant used minors to distribute heroin? And then there's no objection below? I think your argument has to be that it's been counted twice. That's exactly what I was getting to, Judge. It's not that you can't sentence him for that. He was. He was sentenced under count 15. He to upward – you know, 360 months in jail is what Judge Keeley sentenced him to. But the point – yeah, but just to get right to the point, as Judge Motz asked you, you think since using a minor was an element of the offense in count 15, it's improper to then keep another sentence on top because he used a minor. Right. That's your point. And that's the argument. 861 is a substantive offense. Unlike 859, 21 U.S.C. 859 and 21 U.S.C. 860, which are just penalties. Wait one second. Just answer this question. Have we had any decision in this court, on the Supreme Court, to make that point on this statute? Not that I've seen, Judge. Then how is it plain error? Well, I mean that's a valid point. I mean the thing is that since it wasn't raised at the underlying case, that I thought had to be the . . . No, I understand where you are. That's why I asked the question. You can argue that it's error. I understand. You maybe have an argument that it's error because it sure looks like double counting to me sort of thing. But how is that – you understand how is that plain error in our analysis? Well, I don't think – first of all, I don't think it was ever addressed at the underlying level. No, no, no, no. No, I mean how can that be a successful plain error challenge if the law isn't established that it's error to start with? How can it be plain error? I guess it can't. I mean I don't – you're right. I see your point. You've got to be careful now. Wait a second now. I thought this is your strongest argument. Yeah, but the only way to get this issue before the court, it hasn't been addressed before. Right. This is the only way. This is like a new area of the law. I've done – like I said in my brief, I looked. I thought this would be something that would have been raised before and it wasn't. And then when I was reading it, it was analogous to me as the whole 924C and then can't use the enhancement for the two levels under the 2B1.1. So I was like it's the same type of an argument, never been raised before. So it's a novel situation. I thought – I don't know. I thought maybe that might be your argument. It is my argument. I just thought you just said it can't be plain error. Did you not say that to me? By the way, I can't hear all that well, so maybe I missed it. But I thought I heard – just let me finish. I thought I heard you say it can't be plain error. Well, Judge, maybe I misunderstood. In a sense, like there's an existing law out there that the court did not follow. Right. There is nothing out there for the court to follow. So in that context, I don't think – But can it – could we still find that you satisfied the plain error requirement? I think – And how do we do that? I lost your argument on that point. Well, I think that it's error in doing the double counting. I think that's impermissible's analogy to the 924C. Now we have to go to the other – Well, that it was an obvious error and it affected his substantive rights because he now has it in – No court before has ever held it or addressed it. How can you meet the obviousness, plainness, if you will? I think that's Judge Shedd's question. Let's just for purposes of our discussion now say there was error. Right. Right, and maybe it's a basis for another court at another time. I'm loath to suggest such a thing. But I think that because you didn't raise it, I don't see how you can succeed. You mean raise the fact that it is plain error? No, raise the fact of error below. Error below. In other words, if there's – as I read the plain error cases, there has to be some sort of clear precedent in court for a circuit that hasn't been paid attention to by the district court so that there's not only error, but the error is plain to the court. Understood. Yeah, and I think that – I mean I admire your forthrightness. There just doesn't seem to be that. I know, which is – The interesting thing is if it's – you know, there's a sort of a tension in the plain error elements because if it's so plain, then you sort of scratch your head and say, well, if it was all that obvious, why wasn't it raised? And the response is in this particular case, I think, is I'm not sure that the error is all that obvious because the 3B1.4 very clearly instructs the district court, says if a defendant uses a person less than 18 years of age to commit an offense, increase by two levels. Now, I'm hard-pressed to say that a district court applying a clear guidelines enhancement is guilty of error, much less plain error. And it certainly isn't fair to pull the rug out from under the district court where you never even had a chance to address it. I understand. And that's why, like I said, when I read this and that just – the idea just popped in my head. This sounds to me like double counting. And so then I looked into the issue as far as – and then I realized surprisingly, 861, there is no law in 861. It's – I don't know why. Most of the cases that I've had have been underlying convictions and they just do the plus two enhancement under 2D1.2. You're doing the best with what you got. Right. So I mean – and there is no underlying error in the sense that there wasn't a set fast rule or issue of law that the district court ignored. One of the issues is also when you mentioned the 3B1.4, the appendix A, when you look at 21 U.S.C. 861, references you back to 2D1.2. For some reason, that was overlooked, and this probation officer applied 3B1.4 instead, instead of the 2D1.2, which would say it would be plus two if all the relevant conduct was sold by that minor or a plus one increase in the offense level if just a portion of it. So that's – I mean that's another issue too. But as far as he was convicted, 861, unlike 860 and 859, is a substantive offense. If you look at 21 U.S.C. 859 and 21 U.S.C. 860, it just talks about penalties. If there's an underlying violation under 841, you get enhanced penalties as far as the statutory maximum being doubled, supervised release being doubled, and so on. 861 is a substantive offense. It says whoever violates this provision, they're using minors, and then here's your penalty. So it's different than 859 or 860. Why Congress did it that way, I have no idea, but it's done differently. And then so there's a substantive penalty for violating 861, and then on top of that, he gets a two-level enhancement for using a minor. So it's like 924C where you have an offense, a substantive offense that you violate, get a penalty for. Of the other four or four or five points you raised, do you want to make – take a minute to address any one of those? I'm not saying you have to. I'm just asking. I'm the one that pushed you to the primary issue. I'm giving you a chance if there's another issue you want to argue to give you a minute to turn to that if you would like to. No, all I would say just briefly about the others is as far as the use of preemptory challenges, the case cited by the government is right on point. It's a conundrum, as Justice Souter said in that case, it's a conundrum if you use a preemptory strike to remove that potential bias and therefore don't have anything to cry foul about if you don't exercise that. I've asked you to point at your two strongest arguments. You've pointed them out and say you lose on them. Is there one you don't lose on? Well, in the relevant conduct, it's the same thing from my perspective. I know they have – it's clearly erroneous. I know that it's a huge uphill. That's the general difficulty here, and none of the difficulty is of your making. No, it's not. But we're here – all these claims are here under a clear error standard or, as we've just discussed, in one case a plain error standard or an abusive discretion standard. And this isn't – this isn't a – it isn't – I'm not seeking to place any responsibility or blame on you at all because it isn't. It just has to do with the standard of review and the respect we accord to juries and I appreciate the opportunity to see three circuit judges in person because in my role as a defense attorney, when I have relevant conduct, when you have people come in and talk about historical, where the stuff that was done at trial was a gram of heroin and he's sentenced on one to three kilograms, and I understand it's clearly erroneous and I've made this argument before and it's always been unpublished opinions and we don't need a war argument because it's clearly an erroneous standard and you're not going to meet it. So I guess I'm venting in a way. Somebody did a good job. Somebody did a good job on the relevant conduct because the number of – the amount was reduced from 4,500 grams to 1,080 grams. And that was Judge Keeley. Judge Keeley on her own. It was Judge Keeley on her own, exactly. She went below even what the defense attorney argued at that. But it was interesting to me in Judge Keeley where she said it's impossible that Amanda Boer dealt with this guy, Herbert Devon, every single day, but then when she came up with her 1,080 grams said, I'm going to do every day one brick times 12 months times three years. I still think somebody did a good job. I don't know. Were you at that – were you – No, no. That was Roger Curry. I picked this up at the appellate level, so I was not trial counsel. But from what I understand in reading the record – That's the attorney for the reduction in the calculation amounts. Plus you got to see it. Yes. Not everybody counts that as a plus. Well, I mean to put a – from where I sit, I understand when the district judge makes their decision it's clearly erroneous and it's a mountain of . . . And when you get here, that red light normally means that you're through with your argument. I know. I know. Thank you. I'll sit down. Mr. Brown, we appreciate it. And you've got some rebuttal time, too. Ms. Wellesley? Ms. Wesley? Ms. Wesley. Thank you. We're glad to have you here. Thank you. It's nice to be here. Of course, I'm the USA from the Northern District of West Virginia. And, of course, no intention of conceding that there was any error. Nor am I going to concede that there was double counting. You don't seem to address this argument at all in your brief. You know why? Because seriously, I didn't realize it was an issue until later. And later it kind of hit me. In his brief? Well, the reason – well, when I looked at his brief – and seriously, last summer was a bad summer. I had 52 defendants and this brief was due, so it was kind of one of those things where you're getting it done. But here's the problem with an analogy suggesting that this is an error. When you look at the 924C cases, they realistically really do not apply because under 924C you have a mandatory minimum sentence. That's not the situation under an 861 offense. When the district court calculated the guidelines, they grouped them. And they went under the most serious offense, which was a conspiracy, which is a 5 to 40 conspiracy. Base offense after she determined his relevant conduct was 1,000 grams is a 32. She goes to 32 from the relevant conduct, plus 4 for managing 5 or more defendants, then plus 2 under 3B1.4. At no time does she ever take into consideration the minors other than the 3B4, 3B1.4. There realistically isn't any double counting because his sentence was never increased, albeit he was convicted of an 861. There was no enhancement in his sentence. If she did not apply that enhancement, whether she did it under 3B1.4 or 2D1.1, if she had done both, then yes, I would say there was double counting. The guidelines specifically says under the 3B1.4 that you can't do both. She did not do both. She did one. And if she had not applied that enhancement in one of those scenarios, then the severity of his using those minors would never have been accounted for. And since there was no increase in his punishment, there was no double counting. That is my argument in a nutshell as you all sit here and look at me like, what is this lady saying? Frankly, in another case, the government might forfeit its argument if it doesn't address it in the briefs. Yes. So, anyway. Okay. I know it's a busy summer. Busy summer for us, too. Well, I understand that. I understand that. But that said . . . You go back and tell your friends it's busy all year for us. Well, I will tell them that, and I recognize that. But that said, the district judge did what the guidelines directed her to do. She tried to be pretty fair about most things, I think, looking at what she did. Well, she does. I mean, half is . . . I'm talking about in this specific case. Yes. She discounted testimony that she could have, I think, could have accepted. Yes. Yes. Yes, she could have. If there are any questions about any of the other issues, I'm happy to answer them. Okay. Thank you. Mr. Brown, do you have something further? Well, just to respond, I think Ms. Wesley said that the sentence wasn't enhanced in any way. I mean, granted, she can go up to the statutory max. She has that discretion. But the fact is that she did, under 3.144, add two levels to the offense level. Without that, it would have been at level 36 instead of at level 38. It would have been the final offense level. So the guideline range, the advisory guideline range, would have changed had she not added those two extra points in a 3B1.4. So, again, you have an underlying conviction under 861 of a substantive offense. There's a penalty phase for that. And then she also . . . To me, I know the wall that I face, but it is a double . . . To me, it's analogous to 924C. If somebody is convicted with an underlying gun offense in relation to drug trafficking, you can also charge them with having a gun in the same offense. That's double counting. Thank you. Mr. Brown, I see you are court appointed. And we do appreciate your services and your conscientious attention to this case. We'll adjourn.
judges: J. Harvie Wilkinson III, Diana Gribbon Motz, Dennis W. Shedd